IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-04-CR-0094-D |
| | § | NO. 3-05-CV-2094-D |
| JOSE RICARDO VASQUEZ-DIAZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Jose Ricardo Vasquez-Diaz, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be summarily denied.

I.

Defendant pled guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) & (b)(2) and 6 U.S.C. §§ 202 & 557. Punishment was assessed at 41 months confinement followed by supervised release for a period of two years. Defendant perfected an appeal, but his appeal was dismissed. *United States v. Vasquez-Diaz*, No. 04-11286 (5th Cir. Apr. 26, 2005).[1] He now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant criticizes his attorney for failing to explore the availability a "fast track" disposition program and for not requesting a downward departure under Section 5K3.1 of the Sentencing Guidelines.

---

[1] As part of the plea agreement in this case, defendant waived his right to appeal.

Section 5K3.1 provides that "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides." U.S.S.G. § 5K3.1. Early disposition programs were approved by Congress in 2003. *See* Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act ("PROTECT Act"), Pub. L. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003). In September of that year, the Attorney General issued a memorandum to all United States Attorneys regarding the implementation of fast track disposition programs. The memo recognizes that:

> Early disposition or "fast track" programs are based on the premise that a defendant who promptly agrees to participate in such a program has saved the government significant and scarce resources that can be used in prosecuting other defendants and has demonstrated an acceptance of responsibility above and beyond what is already taken into account by the adjustments contained in U.S.S.G. § 3E1.1. These programs are properly reserved for exceptional circumstances, such as where the resources of a district would otherwise be significantly strained by the large volume of a particular category of cases. Such programs are not to be used simply to avoid the ordinary application of the Guidelines to a particular class of cases.

Mem. From Attorney General John Ashcroft, *reprinted at* 2003 WL 23475483, 16 Fed. Sent. Rep. 134 (Sept. 22, 2003). Before implementing a "fast track" disposition program, the United States Attorney must obtain authorization from the Attorney General. Once authorization is granted, "the United States Attorney *may* implement such program in the manner he or she deems appropriate for that district, provided that the program is otherwise consistent with the law, the Sentencing Guidelines, and Department Regulations and policy." *Id.* (emphasis added); *see also United States v. Riascos*, No. C-98262, 2005 WL 1515447 at *2 n.3 (S.D. Tex. Jun. 22, 2005); *United States v. Almonte-Gomez*, No. 03-362, 2005 WL 767885 at *2 (E.D. La. Mar. 24, 2005).

The court is unaware of any "fast track" disposition program for illegal reentry cases in the Northern District of Texas. Certainly, defendant offers no evidence that such a program exists. Moreover, even if a "fast track" program was available in this district, section 5K3.1 provides that the government, not defense counsel, must move for a downward departure. Under these circumstances, defendant cannot establish that he received ineffective assistance of counsel. *See Riascos*, 2005 WL 1515447 at *4; *Almonte-Gomez*, 2005 WL 767885 at *2.

## **RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to relief. Accordingly, his motion to correct, vacate, or set aside sentence should be summarily denied. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE